UNITED STATES of America

v.

**Jack HILL and Willard W. Sands.**

**Nos. 64–401–Cr–CF, 64–402–Cr–CF.**

United States District Court
S. D. Florida.
Jan. 11, 1965.

Robert C. Josefsberg, Asst. U. S. Atty., for the Government.

Frederick A. Resnick, Davie, Fla., for defendants.

### ORDER

FULTON, Chief Judge.

The defendants were indicted separately under the Assimilative Crimes Act, 18 U.S.C. § 13, for setting wood crawfish traps in the salt waters of Monroe County, Florida during the closed season for taking crawfish, in violation of Chapter 29299, Acts of 1953, Florida Statutes.

The defendants and the Government have stipulated to the exact location where the defendants set their traps, said location being marked on the coastal and geodetic survey map which was received in evidence, by stipulation between the parties.

The defendants have moved to dismiss the indictments on the ground that their traps were not set within the territorial waters of Monroe County, Florida; and on the ground that said Chapter 29299 is a Special Act of the Florida legislature, which is applicable only to the "salt waters of Monroe County, Florida."

The defendants and the Government have stipulated that the sole issue in this cause is whether the defendants set their traps within or without the territorial limits of Monroe County, Florida.

The eastern boundaries of the State of Florida are established by the Constitution of Florida and are delineated in Section 6.11 of the Florida Statutes, as follows:

"BOUNDARY OF FLORIDA, EAST COAST.—Wherever the coast line of the State, both along the east coast of the mainland and along the Florida Keys, is in direct contact with the waters of the Atlantic Ocean or the Florida Straits, which latter is an arm of the Atlantic Ocean, the seaward boundary of the State is hereby fixed, defined, and interpreted as, and is hereby extended to, a line three geographical miles distant from said coast line. The term "coast line" means the line

of ordinary low water along that portion of the coast which is in direct contact with the open sea and the line marking the seaward limit of inland waters."

The Court finds that the defendants set their traps at a location which was more than three geographical miles distant from the Florida "coast line", as the term "coast line" is defined in Fla. Stat. § 6.11, that therefore, said traps were not set within the salt waters of Monroe County, Florida.

Accordingly, it is

Ordered and adjudged that the Motions to Dismiss are granted, and that the indictments be and the same are hereby dismissed.